**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 25-1265**

───────────────

LUIS MOISES HERRERA GONZALEZ,

        Petitioner,

    v.

PAMELA JO BONDI, Attorney General,

        Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted:  December 23, 2025          Decided:  December 30, 2025

───────────────

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Melissa J. Mitchell, MITCHELL & SUHR PLLC, Raleigh, North Carolina, for Petitioner.  Brett A. Shumate, Assistant Attorney General, Ilana J. Snyder, Senior Litigation Counsel, Yanal H. Yousef, Senior Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Moises Herrera Gonzalez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of Herrera Gonzalez's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  In denying cancellation of removal, the immigration judge found, in relevant part, that Herrera Gonzalez failed to show that his removal would cause an exceptional and extremely unusual hardship for Herrera Gonzalez's U.S.-citizen son. We review this determination as a mixed question of fact and law, *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), deferring to the agency's rulings on the issue, *Cortes v. Garland*, 105 F.4th 124, 133-34 (4th Cir. 2024).  We have reviewed the administrative record in conjunction with the arguments advanced by Herrera Gonzalez and conclude that, under any standard, there is no error in the agency's dispositive hardship analysis.

Herrera Gonzalez also challenges the Board's denial of his motion to remand the matter to the immigration judge for consideration of new evidence related to his application but, upon review, we discern no abuse of discretion in this ruling.  *See Obioha v. Gonzales*, 431 F.3d 400, 408 (4th Cir. 2005) (providing standard of review).  Accordingly, we deny the petition for review.  *See In re Herrera Gonzalez* (B.I.A. Feb. 20, 2025).

We dispense with oral argument because the facts and legal questions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2